LOLLEY, J.
2Linda Lee, Roy Lee, Sandra Ketchum, Louis Ketchum, Jr., Linda Giddens, Lee Giddens, Peggy McCain and Tom McCain, dba Shreveport Salvage Pool (collectively “SSP”) appeal the judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana, granting a peremptory exception of prescription in favor of the City of Shreveport (“the City”). For the following reasons we affirm the trial court’s judgment.
Facts
Prior to December 19, 1994, any disabled vehicles within the Shreveport city limits for which the owner did not have a preference of towing company were towed by a towing company from a city-maintained rotational list (“the list”) and stored according to the policy of that towing company. The list was composed of companies that both desired to be placed on the list and also met certain criteria as determined by the City. Some of the listed towing companies maintained their own storage facilities, while others contracted with separate companies to store the towed vehicles at their facilities.
Eventually, the City determined that this practice was problematic for various reasons. In many circumstances, when a person’s vehicle was towed, that person had to call the Shreveport Police Department to find where the vehicle was being stored. The police department did not always know this information and would then have to search for the vehicle. Some towing companies from the list used storage facilities located outside Shreveport’s city limits and in parishes other than Cad-do, causing vehicle owners whose cars were towed there to have to travel significant distances to retrieve their vehicles. The City could not impose requirements regarding the conditions of the storage, such as 24-hour access or security, either. Also, there was no proper facility for cars held as police evidence. In general, there was. a lack of city regulation over this business.
Because of these inefficiencies, the City decided to create a new system using one central storage facility where all “no preference” vehicles would be stored. Several requirements aimed at resolving these inefficiencies were placed upon the companies bidding for the contract with the City to be named the main storage facility, such as the requirement that the location of their storage must be within the city limits and they maintain |sa minimum storage capacity as well as an approved inventory system. The City took bids to determine which company would receive this contract and narrowed the options to two storage companies: Twin City Salvage Pool, Inc. (“Twin City”) and SSP. Twin City won the contract with the City, which became effective on November 25,1994.
Subsequently, Shreveport City Ordinance § 102-344(J) (“the ordinance”) was enacted to reflect these changes. It provided, “All vehicles which are classified as impounds or no-preference shall be towed to a location designated by the City of Shreveport.” The substance of this ordinance remains in effect today.[1] On December 27, 1995, a written memorandum was sent to all tow truck operators. It stated, “After January 1, 1995, all towing and wrecker services requesting participation on the City’s ‘rotational’ list must agree to abide by the limitation of rates for towing services ... and use the City’s central storage facility.”
*604 At the time the ordinance was enacted, SSP maintained contracts with some of the tow companies on the list wherein it would be used as the storage facility for those companies. Because of the new ordinance and City contract with Twin City, SSP could no longer store towed “no preference” vehicles as it once had according to the terms of these contracts.
On January 23, 1995, SSP, along with other individuals and companies involved in the towing and storing business, sought a preliminary and permanent injunction against the enforcement of the ordinance as well as a declaration that the ordinance and subsequent contract with Twin City violated both state and federal laws. The litigation was originally filed in the First Judicial District Court for the Parish of Caddo, but was then removed to federal court. An evidentiary hearing on the request for a preliminary injunction was held and the federal district court denied the motion. Subsequently, the plaintiffs, including SSP, voluntarily dismissed the lawsuit. In 1998, SSP officially ceased its business operations and was no longer a commercial entity from that point forward. It remains out of business today.
|4In December 2002, the former SSP again filed suit against the City in the First Judicial District Court for the Parish of Caddo. This time it prayed for state law remedies only: (1) just compensation on the grounds that the ordinance is tantamount to a taking of property without just compensation within the meaning of the Constitution of the State of Louisiana, Art. 1, Secs. 4 and 23, and (2) that the ordinance resulted in a restraint of trade and created a monopoly in violation of La. R.S. 51:122, et seq. The case was set for trial in December 2008.
The City filed a peremptory exception of prescription. In response, SSP claimed this was a continuing tort and, thus, had not prescribed. The trial court granted the City’s exception and dismissed the case, reasoning that the City’s actions did not fall into the category of a continuing tort. The trial court found, instead, that the plaintiffs claim was subject to a libera-tive prescriptive period of one year as it applies to a claim of restraint of trade, monopoly and antitrust violations. Additionally, the trial court found that a taking without just compensation and denial of due process is in essence an inverse condemnation which prescribes three years from the date of the taking. The trial court found that if a taking had occurred it took place when either the city enacted the ordinance or the contract with Twin Cities took effect, both of which occurred in 1994. Because both of these prescriptive periods had run prior to the institution of this lawsuit, the trial court granted the peremptory exception of prescription, thereby dismissing the lawsuit. SSP filed this appeal.
Law and Discussion
SSP argues that the trial court erred in granting the defendant’s peremptory exception of prescription. It contends that the cause of the injury it suffered is a continuing tort that gives rise to successive damages and, therefore, does not begin to prescribe until the continuing tort ceases. It claims the wrongful conduct of the City was in passing and enforcing the ordinance, and that this conduct continues today, because the ordinance is still in effect and being enforced. Therefore, it asserts the conduct of the City has not ceased, the prescriptive period has not even begun to run, and the trial court’s granting of the City’s peremptory exception of prescription should be reversed. We disagree.
| ¿Continuing Tort
SSP incorrectly claims the continuing tort doctrine applies to this case. Louisiana C.C. art. 2315 states, “Every act *605 whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” This serves as the basis for all tort claims. Louisiana C.C. art. 3492 states, “Delictual actions are subject to a liberative prescription of one year.” However, when tortious conduct and resulting damages are of a continuing nature, prescription does not begin until the conduct causing the damages is abated. Bustamento v. Tucker, 607 So.2d 532 (La.1992); Louisiana AG Credit, PCA v. Livestock Producers, Inc., 42,072 (La.App.2d Cir.04/04/07), 954 So.2d 883, writ denied, 2007-1146 (La.09/14/07), 963 So.2d 1001. The principle of a continuing tort applies only when continuous conduct causes continuing damages. Louisiana AG Credit, PCA, supra. The continuous nature of the conduct complained of has the dual effect of rendering such conduct tortious and of delaying the commencement of prescription. Bustamento, supra; Lousiana AG Credit, PCA, supra. The conduct becomes tortious and actionable because of its continuous, cumulative, synergistic nature and prescription does not commence until the last act occurs or the conduct is abated. Id. The Louisiana Supreme Court set out the test to determine whether the law relevant to continuing torts applies. “The court must look to the operating cause of the injury sued upon and determine whether it is a continuous one giving rise to successive damages, or whether it is discontinuous and terminates, even though the damage persists and may progressively worsen.” Hogg v. Chevron USA, Inc., 2009-2632 (La.07/06/10), 45 So.3d 991. In Crump v. Sabine River Authority, 1998-2326 (La.06/29/99), 737 So.2d 720, the Court made it clear that “[a] continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act.”
The action SSP claims caused it damages was the enactment of the ordinance. The conduct in this case is not continuous in nature; it is a one-time event. The repercussions of this enactment may have caused SSP damages, but that is not the criterion for a continuing tort case as set out by jurisprudence. In order for a case to fall under the theory of continuing torts the conduct causing the damage must be continuous in nature, not the | ^¡damages. That is simply not what happened here. Additionally, SSP cites no continuing tort case law arising out of damages from the enforcement or passage of an ordinance or statute. The continuing tort theory is inapplicable to the facts of this case.
This conduct is not a continuous tort, but is simply a delictual action; therefore, the prescriptive period of one year is applicable. The prescriptive period for delictual actions commences on the date the aggrieved party has actual or constructive knowledge of the facts that would entitle him to bring suit. Percy v. State, Through E.A. Conway Memorial Hasp., 478 So.2d 570 (La.App. 2d Cir.1985). At the very latest, the trial court determined that SSP knew of the ordinance by January 23, 1995, when it joined the first action for injunctive relief. Consequently, this action brought before the court in December 2002, almost eight years later, had prescribed.

Monopoly and Restraint of Trade

The Louisiana Anti-Monopoly Law provides no statute of limitations. La. R.S. 51:121 et seq. However, it has been determined that the prescriptive period for monopoly and antitrust claims is the same as for tort actions, because these actions resemble tort actions more than they resemble breach of contract actions, which have a different prescriptive period. Loew’s, Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553 (1959); State ex rel. Ieyoub v. Bordens, Inc., 1995-2655 (La. *606 App. 4th Cir.11/27/96), 684 So.2d 1024. However, whether or not this situation deals with a monopoly is moot. Whether categorized as a monopoly or a general delictual act, both classifications lend themselves to a one-year prescriptive period and, thus, the claim prescribed in January of 1996, regardless of classification.

Taking

As stated in La. R.S. 13:5111, “Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking.” Whether categorized as a taking, with a prescriptive period of three years, or as a general delictual action, with a prescriptive period of one year, the claim has prescribed because it was not brought until over 8 years after the alleged tortious conduct of passing the ordinance occurred. This claim has no merit.
|7Conclusion
We find Shreveport Salvage Pool acquired knowledge of the passage of the ordinance no later than January of 1995. Because it failed to establish continuing tortious conduct by the City of Shreveport, the doctrine of continuing tort does not apply to delay the commencement of prescription on its claims. Accordingly, SSP’s claims, filed in 2002, have prescribed, and the judgment of the trial court dismissing the actions is affirmed. All costs of this appeal are assessed to Linda Lee, Roy Lee, Sandra Ketchum, Louis Ketchum, Jr., Linda Giddens, Lee Giddens, Peggy McCain and Tom McCain dba Shreveport Salvage Pool.
AFFIRMED.

. As of November 9, 2010 this ordinance is now embodied in Shreveport City Ordinance § 102-160(J).